United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 22, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40730
Summary Calendar

DELTA L. EADY,

Plaintiff-Appellant,

versus

UNITED STATES FEDERAL BUREAU OF PRISONS AND
ITS EMPLOYEES; ET. AL.,

Defendants,

UNITED STATES OF AMERICA,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CV-368
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Delta L. Eady, federal prisoner # 13057-074, appeals the
district court's dismissal of his claims against the Government
under the Federal Tort Claims Act. He asserts that the district
court failed to apply the proper standards in granting the
Government's motion under Federal Rule of Civil Procedure
12(b)(6). He states that the court failed to liberally construe

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his pro se complaint; improperly weighed the evidence instead of assuming that the factual allegations in his complaint were true; failed to draw all reasonable inferences in his favor; and abused its discretion in granting the dismissal. However, he merely recites these standards without referencing the district court's opinion or explaining how it failed to apply them. Because Eady does not adequately brief these issues, he has abandoned them. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Eady also abandons his argument that the district court should have conducted a hearing before dismissing his case by failing to cite authority for the proposition. See Yohey, 985 F.2d at 224-25. Similarly, although he recites various duties allegedly owed to prisoners by the Bureau of Prisons, he fails to cite to the record or explain how these duties were breached in his case. Accordingly, these arguments also have been abandoned. See id. at 224-25.

Next Eady asserts that the district court erred by not allowing him to amend his complaint. However, the Government never filed an answer, so the court's leave was not required to amend the complaint. See FED. R. CIV. P. 15(a). To the extent he is arguing that the district court should have identified the defects in his complaint and ordered him to amend it accordingly, his argument is also meritless. Section 1915(e) of Title 28 required the court to dismiss Eady's complaint upon determining that it was frivolous. See § 1915(e)(2)(B)(i).

Finally, Eady asserts that the Government's motion to dismiss was moot because the Government did not object to the initial recommendation by the magistrate judge that the case be allowed to proceed against it.  He relies upon the rule that a party's failure to object to a magistrate judge's report and recommendations within 10 days limits that party from appealing the proposed conclusions except upon grounds of plain error.  <u>See Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).  The Government did not appeal in this case; therefore, the rule cited by Eady does not apply.

Because Eady's appeal fails to raise any issues of arguable merit, we dismiss it as frivolous.  <u>See</u> <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2.  This dismissal will count as a strike against Eady under 28 U.S.C. § 1915(g).  <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 387-88 (5th Cir. 1996).  The district court's dismissal of his complaint as frivolous counts as another strike.  <u>See</u> <u>id.</u>  Eady is cautioned that if he accumulates three strikes, he will not be allowed to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in "imminent danger of serious physical injury."  <u>See</u> § 1915(g).

Eady's motion for leave to participate in oral argument is DENIED.  APPEAL DISMISSED; SANCTION WARNING ISSUED.